UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERONICA GROOVER,

    Plaintiff,

v.                                                                 CASE NO. 8:01-CV-1738-T-MAP

THE COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision terminating her period of disability benefits.[1] Essentially, the Plaintiff argues the Administrative Law Judge ("ALJ") erred by (1) terminating her benefits while she was undergoing vocational rehabilitation, (2) finding medical improvement, and (3) rejecting the medical expert testimony. After reviewing the ALJ's decision, I find the ALJ applied the correct legal standards in reaching his decision. Accordingly, the ALJ's decision is affirmed and the complaint is dismissed.

*A.*     *Background*

The Plaintiff filed an application for disability insurance benefits, period of disability, and supplemental security income on May 14, 1991. On March 6, 1992, an ALJ found Plaintiff disabled and awarded period of disability benefits beginning April 21, 1987, due to a right upper arm impairment. Upon review, the Social Security Administration determined Plaintiff's disability

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 11).

ceased as of July 1995 and terminated benefits effective September 1995. The Plaintiff sought review, and after a second administrative hearing on March 20, 1997, the ALJ issued a decision on July 16, 1999, affirming Plaintiff's disability ceased as of July 1, 1995. Thereafter, Plaintiff appealed to the Appeals Council based on new evidence. The Appeals Council remanded the case for further administrative proceedings. A third administrative hearing was held on April 30, 1999, and the ALJ issued a decision on July 15, 1999, finding Plaintiff's disability ceased as of July 1, 1995. The Appeals Council denied Plaintiff's request for review and thus, the ALJ's July 15, 1999, unfavorable decision is the final decision under review on this appeal.

The Plaintiff was 33 years old at the time of the cessation of benefits. She completed high school and attended community college for one year. Her past relevant work experience includes work as a cashier/ waitress, reservation operator, bookkeeper, maid, sales clerk and laborer. The Plaintiff claims disability due to an on-the-job injury to her right arm. In March 1992, the ALJ found disability due to a very restrictive lifting limitation of five pounds and a restrictive use limitation of four hours per workday for her right arm. However, the social security administration and subsequently the ALJ concluded that as of July 1, 1995, Plaintiff's condition improved and she was able to perform a reduced light work.

## 1.     *Standard of Review*

To be entitled to disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological

abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration has established eight evaluation steps to assure that disability reviews are carried out in a uniform manner and that any decisions to stop disability benefits are made objectively and neutrally and are fully documented.  *See* 20 C.F.R. § 404.1594(f). The eight evaluation steps are: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant's impairment(s) meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (3) whether there has been medical improvement[2] in the claimant's impairment(s); (4) whether the medical improvement is related to the claimant's ability to work (i.e., whether there has been an increase in the claimant's residual functional capacity based on the impairment(s) that was present at the time of the most recent favorable medical determination); (5) whether any exception to the medical improvement standard applies;[3] (6) if medical improvement is shown to be related to the claimant's ability to work, the Commissioner will determine whether any of the claimant's impairments, or combination thereof, are severe;[4] (7) if the claimant's impairment(s) is severe, the Commissioner will determine whether the claimant retains the

---

[2] "Medical improvement is any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled.  A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s)." 20 C.F.R.§ 404.1594(b)(1).

[3] If it is found at step three that there has been no medical improvement or at step four that the medical improvement is not related to the claimant's ability to work, the Commissioner will consider whether any of the exceptions in 20 C.F.R. § 404.1594(d) and (e) apply (i.e., a prior determination or decision was fraudulently obtained).  *See* 20 C.F.R. 404.1594(f)(5).

[4] An impairment is severe if it imposes significant restrictions on the claimant's ability to perform basic work activities.  *See* 20 C.F.R. § 404.1521.

functional capacity to return to any of his past relevant work; and (8) if the claimant cannot perform the tasks required of his prior work, the Commissioner must decide if the claimant can do other work in the national economy in view of his age, education and work experience.[5]  A claimant is entitled to continued benefits only if unable to perform other work.  *See*  20 C.F.R. § 404.1594(f).

In reviewing the ALJ's findings, this court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994).  The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*2.     Discussion*

   *1. Vocational rehabilitation*

Plaintiff contends the ALJ erred by terminating her disability benefits while she underwent vocational rehabilitation in violation of 20 C.F.R. § 404.316(c).  The Commissioner, on the other hand, indicates that the ALJ complied with § 404.316(c) in deciding to cease Plaintiff's disability benefits. Specifically, the Commissioner notes that in its July 1995 notice of disability cessation it

---

[5] The disability review may cease and benefits may be continued at any step in the evaluation process where it is determined there is sufficient evidence to find that the claimant is still unable to engage in substantial gainful activity.  20 C.F.R. § 404.1594(f).

acknowledged Plaintiff's enrollment in a vocational rehabilitation program and stated that if the program was approved she would receive benefits until she completed the program. The agency approved Plaintiff's rehabilitation program and determined she was eligible for extended benefits pursuant to §404.316(c) since her "vocational rehabilitation program will significantly increase the likelihood that she will be permanently removed fro the disability rolls" (R. 381). Thereafter, on May 24, 1996, the agency contacted Plaintiff's vocational rehabilitation counselor who indicated she had completed the vocational rehabilitation program and determined Plaintiff's benefits should cease in June 1996 (R. 383). Accordingly, I find the agency and ALJ properly complied with § 404.316(c) in deciding to terminate Plaintiff's disability benefits.

   *2. Medical improvement*

Plaintiff argues the ALJ's finding that her medical condition improved is not supported by medical evidence. She states that the fact she needed no further surgeries and that there was no known etiology of her complaints are not evidence of improvement. She also contends that her new symptoms such as headaches and the lack of improvement of her right arm symptoms cause her to be unable to work

The Commissioner notes that the ALJ's determination of medical improvement was based on his comparison of Plaintiff's condition in March 1992 with her condition in July 1995 when her benefits ceased. In March 1992, the ALJ found Plaintiff disabled due to right arm and hand impairments that limited her ability to use her arm and hand to no more than four hours a day and to lift no more than five pounds. As the ALJ noted in his decision affirming the decision to terminate benefits, a January 1995 nerve conduction study of Plaintiff's right upper extremity was negative and an April 1995 report by Dr. Carter indicated she had "full range of motion: and "no

specific tenderness about the wrist or thumb region" (R. 417). Dr. Carter diagnosed "mild, non-specific pains in the right arm" and opined Plaintiff "has no objective findings to keep her from work, and at this point she should be able to return to work without restrictions using that right hand." (R. 417) Again, in January 1996, Dr. Carter stated Plaintiff had "non specific work restrictions" (R. 415). Accordingly, I find the ALJ's determination that Plaintiff's medical condition improved as of July 1, 1995, and his reliance on Dr. Carter and the Matthews Orthopaedic Clinic, Plaintiff's longtime orthopaedic specialists, proper. Contrary to Plaintiff's allegations, the medical evidence shows improvement in her right upper extremity and no evidence that her ability to return to work is negatively affected by her condition. Further, as the Commissioner noted, the ALJ called upon a medical expert, neurologist David Dillenbeck, at the administrative hearing who reviewed Plaintiff's medical records and opined she could perform light work during the period of 1995 through 1998.

Plaintiff's assertion that her new symptoms render her unable to work are misplaced. The ALJ properly determined the new evidence concerned her condition a minimum of two years after her disability benefits ceased in July 1995. The appropriate remedy for Plaintiff is the filing of a new disability application. The Commissioner advises that Plaintiff filed a new SSI application in November 1997, and began receiving SSI benefits beginning August 1998.

*3. Medical expert testimony*

Lastly, Plaintiff claims Dr. Dillenbeck opined her right arm condition did not improve. The transcript from the administrative hearing shows Dr. Dillenbeck testified that Plaintiff's symptoms in her hand and arm remained constant during the time period of 1995 through 1998 (R. 105). However, as the Commissioner asserts, the relevant inquiry in determining whether benefits shall

cease is the severity of the impairment of the claimant's ability to work. Here, Dr. Dillenbeck stated that Plaintiff was given a small amount of impairment but basically her doctors felt she could do work and one mentioned light duty work specifically. He also testified that one doctor found she could lift up to twenty-three pounds and another found she could lift up to twenty-five pounds (R. 105). Accordingly, I find the medical expert did not err in opining Plaintiff's arm condition did not prevent her from returning to work. I further find the ALJ did not err in considering Dr. Dillenbeck's testimony or in concluding Plaintiff's benefits should cease.

*D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

3. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in chambers at Tampa, Florida on this 6th day of September, 2005.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record

7